IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

JESSE M. GARRED,

                Plaintiff,

      v.

MALHEUR COUNTY; MALHEUR
COUNTY ENVIRONMENTAL HEALTH;
CRAIG GEDDES, Director of Malheur
County Environmental Health; SUSAN
FULLER, Previous Environmental Health
Director; Unknown John and Jane Does 1-
thru-5,

                Defendants.

_____

Case No. 2:14-cv-00517-SU

OPINION AND ORDER

Page 1 - OPINION AND ORDER

SULLIVAN, Magistrate Judge:

Plaintiff Jesse M. Garred ("Garred"), a land owner in Harper, Oregon, filed a *pro se* complaint against Malheur County, Malheur County Environmental Health, Craig Geddes ("Geddes"),[1] Susan Fuller ("Fuller"),[2] and Unknown John and Jane Does 1-thru-5 (collectively "defendants").  Garred claims harassment and violations of his due process rights under the United States and Oregon Constitutions.  Garred alleges Malhuer County and the individual defendants targeted him by enforcing a County ordinance with which similarly situated property owners in the area were not also forced to comply.  All defendants move to dismiss Garred's complaint (doc. # 9) pursuant to Fed. R. Civ. P. 12(b)(6).[3]  For the reasons stated below, defendants' motion is granted.[4]

## BACKGROUND

Malheur County Code, Title 3, Chapter 4, Section 4, requires the abatement of public nuisances, including the removal of excess vehicles, scrap metal, hazardous appliances, and litter from property.[5]

---

[1] Geddes is the current Director of Malheur County Environmental Health Department. (Compl. ¶ 3.)

[2] Fuller was the Director of Malheur County Environmental Health Department at the time the County citations or complaints were served on Garred.  (Compl. ¶ 3.)

[3] Although defendants requested oral argument on their motion, the court finds oral argument is not necessary to the resolution of the pending motion.  *See* L.R. 7–1(d)(1).

[4] The parties have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636 (doc. # 14).

[5] A copy of Malheur County Code Title 3, Chapter 4, Section 4 can be found at: http://www.sterlingcodifiers.com/codebook/index.php?book_id=695

Garred owns a home in Harper, Oregon. (Compl. ¶ 1.) On three separate occasions, Malheur County officials have served Garred with a complaint or citation to remove public nuisances from his property and comply with the Title 3 ordinance. (*Id*. ¶¶ 6, 7, 14.) The County served the first citation to Garred in July 2004. (*Id*. ¶ 6.) Garred alleges he fully complied with the first citation to his detriment in the amount of $2,500. (*Id*.) This citation against him was dismissed. (*Id*.)

The County later served Garred with a warning citation on April 28, 2009. (*Id*. ¶ 7.) Fuller sent Garred a letter stating she had visited the property and found abandoned vehicles and solid waste in violation of the Title 3 ordinance. (*Id*.) The letter gave Garred until May 15, 2009, to remedy the problem or he would be formally cited and have to appear in Malheur Justice Court. (*Id*.) In a follow-up conversation, Fuller also informed Garred he needed to build a fence around his property. (*Id*. ¶ 8.)

Garred began cleaning up his property on July 2, 2009. (*Id.* ¶ 9.) Before Garred's court appearance on July 26, 2009, he had removed scrap from his property and constructed 48 feet of a privacy fence. (*Id*. ¶¶ 9–11.) The Judge of the Malheur Justice Court considered the progress that had been made by the time of the hearing and dismissed the citation. (*Id.* ¶¶ 12, 13.)

The County served Garred with a third citation in 2012. (*Id.* ¶ 14.) The County ordered Garred to finish construction of the privacy fence, and Garred complied costing him thousands of dollars. (*Id*.) Garred alleges neighboring property owners, who maintained conditions similar to his on their properties, were never cited for violations of the ordinance. (*Id*. ¶¶ 14–16.)

Garred's *pro se* complaint generally asserts harassment and violations of his due process rights under the United States and Oregon Constitutions. (*Id.* ¶ 18.) He alleges defendants targeted him by enforcing the County ordinance with which similarly situated property owners in the area

were not also forced to comply. (*Id.* ¶¶ 14–16.) Construing Garred's complaint liberally, as the court is required to do when a plaintiff appears *pro se*,[6] the court finds Garred asserts: (1) a claim under 42 U.S.C. § 1983 alleging a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, (2) a claim under 42 U.S.C. § 1983 alleging a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and (3) a supplemental claim under state law. Defendants move to dismiss on the grounds Garred has failed to state a claim, failed to comply with the Oregon Tort Claims Act, and his complaint is barred by the statute of limitations. (Defs.' Mot. Dismiss and Mem. Supp. 2.)

## LEGAL STANDARDS

Where plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For the purposes of the motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations are taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). However, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Bacca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

---

[6] The court is required to construe *pro se* pleadings liberally, affording a *pro se* plaintiff the "benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).

*Pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *See, e.g.,* *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Before dismissing a *pro se* complaint, in many circumstances the court must instruct the *pro se* litigant as to the deficiencies in the complaint and grant leave to amend. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). Nevertheless, a *pro se* plaintiff's claims may be dismissed without leave to amend where it appears beyond doubt plaintiff can prove no set of facts that would entitle him to relief and the complaint's deficiencies cannot be cured by amendment. *Barrett v. Belleque*, 544 F.3d 1060, 1061–62 (9th Cir. 2008).

## DISCUSSION

I.    Claims Under The United States Constitution

   A.    Due Process Claim

Garred generally alleges that he suffered violations of his due process rights under the United States Constitution without specifying violations of substantive or procedural due process. (Comp. ¶ 18). This court construes the claim as a substantive due process claim. Garred alleges facts that he received notice and attended a hearing on the ordinance violations, generally satisfying the concerns of procedural due process.[7] *Mathis v. County of Lyon*, 633 F.3d 877, 879 (9th Cir. 2011).

Substantive due process protects individuals from arbitrary deprivation of liberty by government. *Brittain v. Hansen*, 451 F.3d 982, 990 (9th Cir. 2006). "Only the most egregious official conduct can be said to be arbitrated in a constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). Such conduct can be shown by "conduct intended to injure in some way unjustifiable by any government interest." *Id.* To establish a constitutional violation

---

[7] Garred was provided notice by mail before both the 2004 and 2009 citations. Insufficient facts were alleged to determine how the notice was provided for the 2012 citation; however, Garred stated that notice was provided.

based on substantive due process, the plaintiff must show a deprivation of property and conscious-shocking behavior by the government. *Brittain*, 451 F.3d at 991.

Garred has failed to allege facts sufficient to state a claim that Malheur County or the individual defendants violated his constitutional rights by any conscience-shocking acts which were intended to injure him. Enforcement of the County ordinance is not such egregious official conduct which results in a violation of Garred's due process rights. Garred's allegations that only he was the target of enforcement of the County ordinance does not raise a substantive due process issue with regard to legitimate enforcement of governmental authority. *See Armendariz v. Penman,* 75 F.3d 1311, 1319–20 (9th Cir. 1996). As a result, Garred has failed to properly allege a due process claim.

B.    Equal Protection Claim

Although Garred alleges violations of his due process rights, he states Malhuer County and the individual defendants targeted him by enforcing the County ordinance with which similarly situated property owners in the area were not also forced to comply. (Compl. ¶¶ 14–16.) In response to defendants' motion, Garred states: "[w]hen the court compares the factual allegations. . . it is clear to see that plaintiff has raised a claim of what appears to be a selective prosecution and individual or selected prejudice." (Pl.'s Resp. Defs.' Mot. Dismiss with Mem. Supp. at 8.)

Where, as here, state action does not implicate a fundamental right or a suspect classification, a plaintiff can establish a "class of one" equal protection claim by alleging he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citations omitted). Disparate treatment by a government entity is permissible provided it bears a rational relationship to a legitimate state interest. *See e.g. New Orleans v. Dukes*, 427 U.S. 297,

303–04 (1976); *Lockary v. Kayfetz*, 917 F.2d 1150, 1155 (9th Cir. 1990).  Selective enforcement of valid laws, without more, is insufficient to show there was no rational basis for the action.  *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1188 (9th Cir. 1995).  However, "there is no rational basis for state action that is 'malicious, irrational or plainly arbitrary.'"  *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004) *overrulled on other grounds by Lingle v. Chevron U.S.A., Inc.*, 544 U.S. 528 (2005).

Garred has failed to allege facts sufficient to state an equal protection claim against Malheur County or the individual defendants.  Garred merely alleges his neighbors maintain their properties in the same or worse condition than his and have not been charged with violation of the County ordinance.  (Compl. ¶¶ 14–16.)  Selective enforcement of valid laws, without more, does not make the defendants' action irrational.  *See Freeman*, 68 F.3d at 1188.  Further, enforcement of the ordinance by the County is not malicious, irrational or plainly arbitrary.  *See Squaw Valley*, 375 F.3d at 944.  As a result, Garred has failed to properly allege an equal protection claim.

C.    Statute of Limitations

For claims arising out of § 1983 the court applies the statute of limitations for personal injury torts of the state where the cause of action arose.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  The statute of limitations in Oregon is two years.  *See Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2004) (citing Or. Rev. Stat. § 12.110).

Regardless of whether the court construes Garred's § 1983 claims as due process or equal protection claims, the facts alleged in Garred's complaint state that much of the conduct causing the injury occurred more than two years prior to the commencement of this action.  Garred filed the complaint in this case on March 31, 2014 (doc. # 1).  Therefore, the § 1983 claims arising from the

conduct of the County in 2004 and 2009 are barred by the statute of limitations. The complaint alleges another incident occurred sometime in 2012, but Garred has failed to allege sufficient facts for the court to determine if this claim is also barred by the statute of limitations.  As such, the § 1983 claims arising from actions by defendants in 2004 and 2009 are dismissed with prejudice and the § 1983 claims arising from actions by defendants in 2012 are dismissed without prejudice.

II.    Claims Under the Oregon Constitution

The Oregon Supreme Court has specifically held claims for damages may not be brought directly under the Oregon Constitution, but rather must be brought under the Oregon Tort Claims Act ("OTCA"), Or. Rev. Stat. § 30.260 *et seq*. *Hunter v. City of Eugene*, 309 Or. 298, 304, 787 P.2d 881, 884 (1990).  Claims for damages based only on State Constitutional violations do not state a cognizable claim for relief.  *Id.* at 303–04, 787 P.2d at 883–84.

Defendants argue Garred's claims are non-compliant with the OTCA because he failed to plead sufficient facts to establish compliance with the notice provisions of the OTCA and the sole cause of action for a tort of any public officer can only be an action against the public body.[8]  (Defs.' Mot. Dismiss and Mem. Supp. at 9–10.)

Or. Rev. Stat. § 30.275(2)(b) requires that notice of a claim against a public body be given within 180 days after the alleged loss or injury, and failure to provide notice is grounds for dismissal of the claim. Or. Rev. Stat. § 30.275(2)(b).  Garred's complaint does not allege any facts demonstrating compliance with this provision of the OTCA.

___

[8] Defendants also contend Fuller should be dismissed as she no longer works for the County and was not personally served under Fed. R. Civ. P. 4, so that she had sufficient notice of the claims against her.  (Defs.' Mot. Dismiss and Mem. Supp. at 10.)  The record reveals that no summons was returned for Fuller. However, for the reasons stated herein, the complaint against the individual defendants including Fuller, is dismissed.

Additionally, Garred named the current director and former director of the Malheur County Environmental Health as parties to this lawsuit. Public officials cannot be sued for tort claims while acting in their official capacity. Or. Rev. Stat. § 30.265. The sole cause of action against any officer, employee, or agent of a public body shall only be an action against the public body. *Id.* § 30.265(2). If an action is filed against an officer, the public body shall be substituted as the only defendant. *Id.* § 30.265(3). As the public body is already a named defendant in this case, state claims against Geddes and Fuller are dismissed.

## CONCLUSION

Based upon the foregoing, defendants' Motion to Dismiss (doc. # 9) is GRANTED as follows: Garred's § 1983 claims arising out of County actions in 2004 and 2009 are dismissed with prejudice; the § 1983 claims arising out of defendants' actions in 2012 are dismissed without prejudice. Garred's state law claims against Geddes and Fuller are dismissed with prejudice; Garred's state law claims against the County are dismissed without prejudice.

IT IS SO ORDERED.

Dated this __23rd__ day of September, 2014.

         s/ Patricia Sullivan
         Patricia Sullivan
         United States Magistrate Judge